J-A32002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| IAN CHRISTOPHER ANDERSON | : | No. 392 MDA 2017 |

Appeal from the Order Entered February 28, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004278-2016,
CP-67-CR-0004279-2016, CP-67-CR-0004280-2016

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.: **FILED DECEMBER 29, 2017**

The Commonwealth of Pennsylvania appeals from the order entered on February 28, 2017, in the Court of Common Pleas of York County, granting, in part, Ian Christopher Anderson's motion to suppress evidence and dismissing several charges lodged against Anderson.[1] The Commonwealth argues the trial court erred in 1) analyzing the suppression issue under the 5th Amendment rather than the 4th Amendment, and 2) dismissing several of the charges.[2] After a thorough review of the certified record, relevant law, and submission by the Commonwealth[3], we reverse the order of February 28,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has filed the appropriate Pa.R.A.P. 311(d) certification.

[2] The trial court has agreed that the charges should be reinstated.

[3] Anderson did not file an Appellee's Brief in this matter.

2017, to allow the trial court to analyze the suppression issue under the 4th Amendment rather than the 5th Amendment and to reinstate the charges.

We briefly relate the relevant underlying facts of this matter. On July 9, 2014, Probation Officers Christian Deardoff and Dana Flay conducted an unannounced home visit at Anderson's residence. Anderson was serving a sentence of probation having been convicted in February, 2014, of a charge of possession of drug paraphernalia. Anderson led the Officers to his bedroom on the second floor of the residence. The Officers saw, in plain view, a knife, a digital scale and a gun.[4] All of these items were contraband pursuant to the terms of Anderson's probation. The Officers also saw a lockbox, which they described as being similar to a safety deposit box. They asked Anderson to open the box, believing it might contain further incriminating evidence. The box was locked, Anderson did not possess the key (or at least did not have the key in his immediate possession), and was forced to pry the box open with a screwdriver. Inside the box were more drug paraphernalia, a small amount of what was believed to be marijuana residue and computer discs, similar to CDs or DVDs. Anderson was handcuffed, and the Officers, believing the computer discs might have more evidence of drug use contained thereon, requested to view the discs on Anderson's computer. They asked for Anderson's computer password, which he provided. They viewed the discs, the first one containing nude images of Anderson's girlfriend. The second disc

_____

[4] The Officers determined the gun, a shotgun rifle, was loaded.

contained nude images of Anderson's girlfriend's minor daughter. At that point, Anderson was placed under arrest and given his **Miranda**[5] warnings. The search was terminated and the police were called.

Anderson filed a motion to suppress the evidence obtained during the search. The trial court determined that Anderson should have been Mirandized after the Officers found the computer discs. The trial court reasoned that all evidence obtained thereafter, essentially the suspected child pornography, was obtained in violation of Anderson's 5th Amendment rights against self-incrimination and was suppressed. The trial court also dismissed all charges associated with that evidence.

The Commonwealth now appeals and argues the trial court improperly based its decision to suppress the evidence upon 5th Amendment considerations, whereas suppressions issues are properly determined by 4th Amendment analysis. We agree that the trial court erroneously considered the 5th Amendment in deciding the instant issue. **See Pennsylvania v. Muniz**, 496 U.S. 582, 589-90 (1990) (5th Amendment does not protect a suspect from producing real or physical evidence); **Commonwealth v. Benson**, 421 A.2d 383, 387 (Pa. Super. 1980) (4th Amendment applies to physical evidence, 5th Amendment applies to testimonial or communicative evidence). Accordingly, we are compelled to reverse the order granting

---

[5] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602 (1966).

suppression and dismissing the charges.[6,7]  We remand the matter to allow the trial court to analyze the issue pursuant to 4th Amendment considerations.[8]

Order reversed.  Case remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17

---

[6] Specifically, counts 2-11 at docket number CP-67-CR-4278-2016, and all counts at docket numbers CP-67-CR-4279-20116 and CP-67-CR-4280-2016.

[7] Because of our resolution of the suppression issue, and the fact the trial court agreed it had mistakenly dismissed the charges, we need not specifically address this issue.

[8] Consideration of 42 Pa.C.S. § 9912, and case law applying that section, such as *Commonwealth v. Arter*, 151 A.3d 149 (Pa. 2016), *Commonwealth v. Williams*, 692 A.2d 1031 (Pa. 1997), and *Commonwealth v. Parker*, 152 A.3d 309 (Pa. Super. 2016) may also be relevant.